COHEN v. STRANGE et al.    (No. 5480.)

(Court of Civil Appeals of Texas.   Austin.
April 21, 1915.)

INJUNCTION &⚯188—COSTS—SUCCESSFUL PAR-
TY—DISSOLUTION OF INJUNCTION.
Rev. St. art. 2035, provides that the suc-
cessful party to a suit shall recover all costs ex-
pended or incurred.   Article 2048 declares that
the court may, for good cause to be stated in
the record, adjudge the costs otherwise than as
provided.   Plaintiffs obtained a temporary in-
junction, which was modified on motion, and
finally dissolved, judgment going for defendant.
Held, that where the record showed no good
cause, it was improper for the court to assess
costs against defendant in the injunction suit up
to the time of the motion on which the restrain-
ing order was modified.
[Ed. Note.—For other cases, see Injunction,
Cent. Dig. § 408;  Dec. Dig. &⚯188.]

Error from District Court, McLennan
County;  Tom L. McCullough, Judge.

Action by J. B. Strange and others against
H. B. Cohen.   There was a judgment for de-
fendant, and, on plaintiff's motion, costs were
retaxed against defendant, who brings error.
Reversed and rendered.

W. L. Eason, of Waco, for plaintiff in er-
ror.

JENKINS, J.   J. B. Strange, defendant in
error, brought suit against plaintiff in error
to enjoin him from building a barn and a
mule lot on certain premises, and from main-
taining a feed pen and mule lot thereon.
He applied for and obtained a temporary re-
straining order.   Upon motion this order was
dissolved, in so far as it restrained plaintiff
in error from erecting his barn and other im-
provements on said lot, but in so far as it
restrained him from using the premises as a
mule lot it was continued until the case
should be finally tried.   Upon final trial the
court peremptorily instructed a verdict in
favor of plaintiff in error, and adjudged all
costs against defendant in error Strange and
his bondsmen, H. G. Youngblood and J. L.
Brown, defendants in error herein.   Subse-
quently, Strange filed a motion to retax the
costs, and the court taxed all costs up to the
time the order was entered on the motion to
dissolve against plaintiff in error.   Plaintiff
in error filed a motion to set aside said judg-
ment, and to retax all costs against defend-
ants in error, which motion was overruled,
and plaintiff in error sued out a writ of error
herein.

The statute provides that:

"The successful party to a suit shall recover
of his adversary all the costs expended or in-
curred therein, except where it is or may be
otherwise provided by law."    Article 2035,
Rev. Stat.

Article 2048, Id., provides:

"The court may, for good cause, to be stated
on the record, adjudge the costs otherwise than
as provided in the preceding articles of this
chapter."

No cause is stated in the order of the court
taxing a part of the costs against plaintiff
in error, and no good cause appears of record
why it should have done so.   The order upon
the motion to dissolve shows that the re-
straining order, as issued, should not have
been granted.   The judgment upon final trial
shows the suit should never have been
brought.

The judgment of the trial court, as to the
cost, is reversed, and here rendered in favor
of plaintiff in error, that he have judgment
against defendants in error for all costs in-
curred in the court below and the costs in-
curred on this appeal.

Reversed and rendered.

&⚯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes